UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
00 JUN 30
U.S. DISTRICT COURT
N.D. OF ALABAMA

**RUSSELL CORPORATION, a corporation,**

    Plaintiff(s),

vs.

**AETNA CASUALTY & SURETY COMPANY, et al.,**

    Defendant(s).

CV-99-N-3269-S

ENTERED
JUN 3 0 2000

### Memorandum of Opinion

The court has for consideration the plaintiff's motion to remand [Document #47] and the motion to dismiss [Document # 28] of defendant, Alabama Insurance Guaranty Association ("AIGA"). Both motions have been fully briefed and orally argued to the court. After careful and due consideration, the motion to remand will be granted and, in view of this disposition of the plaintiff's motion, AIGA's motion to dismiss will be left for decision in the state court.

The plaintiff, Russell Corporation ("Russell"), filed a complaint against many of its current and past insurers in the Circuit Court of Jefferson County, Alabama, alleging, *inter alia*, that they had breached their contractual obligations to defend and indemnify Russell in regard to two civil actions for property damage and personal injury that were also filed in the Circuit Court of Jefferson County, Alabama. (*Sullivan v. Russell Corporation*, CV-93-1762; *Christian v. Russell Corporation*, CV-99-1054). On December 8, 1999, pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1446(b), defendants United National Insurance



Company and the AIGA removed the present suit to this court.[1] On December 15, 2000, AIGA filed its motion to dismiss asserting that the plaintiff failed to state a claim against it upon which relief could be granted. The plaintiffs filed its motion to remand on January 7, 2000.

Pursuant to 28 U.S.C. § 1447(c), Russell filed a motion to remand this case to the Circuit Court of Jefferson County, Alabama.

Russell initially contends that the case must be remanded to state court because all defendants have not consented to removal. As a general rule in cases involving multiple defendants, all defendants must consent to removal under 28 U.S.C. § 1441(a). *In Re Federal Savings & Loan Ins. Corp.*, 837 F.2d 432, 434 (11th Cir. 1988); *See Tri Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants, Local 349*, 427 F.2d 325, 326-27 (5th Cir. 1970).[2] Here, the plaintiff argues that because defendants Lexington and First State issued policies that contained service of suit clauses allowing only Russell to select the forum in which to pursue claims, those defendants are without power to consent to the removal of this case to federal court. In other words, according to Russell, both Lexington and First State have waived the right to remove themselves and because they may not, they cannot consent to the removal by others.

---

[1] All other defendants joined in the removal.

[2] The court recognizes that there are exceptions to the unanimity rule. A defendant need not join in removal if: (1) it is a nominal formal party defendant, *see Miles v. Kilgore*, 928 F.Supp. 1071, 1075 (N.D. Ala. 1996); (2) it was not yet been served with process at the time of removal, *see Pullman Co. v. Jenkins*, 305 U.S. 534, 540-41 (1939); or (3) the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c), *see In re City of Mobile*, 75 F.3d 605, 608 (11th Cir. 1996). However, none of these exceptions are implicated here.

With one small, but controlling difference, the service of suit provisions at issue are identical, and read as follows:

> The following Service of Suit Clause is not to become effective unless or until the Insured has notified this Company in each specific claim of its intention to sue.
>
> It is agreed that in the event of the failure of this Company to pay any amount claimed to be due hereunder, this Company, at the request of the Insured, will submit to the jurisdiction of any Court of Competent Jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

The First State policy for 1985-86, however, did not include the requirement that Russell give prior notice of its intention to sue. The defendants maintain that remand is inappropriate because Russell did not satisfy the notice element, an express condition precedent in the service of suit endorsement. Furthermore, they contend that even if the notice provision was complied with, the service of suit clause did not constitute a waiver of their statutory right of removal.

When interpreting policy language, including a service of suit clause, the court applies ordinary principles of contract interpretation. *See Snapper, Inc. v. Redan*, 171 F.3d 1249, 1260 (11th Cir. 1999). Under that standard, unambiguous terms are to be given their clear and plain meaning. *Ex parte Dan Tucker Auto Sales, Inc.*, 718 So. 2d 33 (Ala. 1998). Thus, if policy terms are "plain and free from ambiguity," it is the court's duty to enforce the policy as written. *Amerisure Ins. Co. v. Allstate Insurance Co.*, 582 So. 2d 1100, 1101 (Ala.

1991). However, any ambiguities in an insurance contract are to be construed against the drafter and resolved in favor of the insured. See id.

The analysis begins with the understanding that the First State policy for 1985-86 had no prior notice provision. Thus, the defendants' argument that Russell failed to comply with that provision is inapplicable to the removal of any claims based upon that policy. The question then becomes: Did First State waive its right to remove this action by including the service of suit clause in the 1985-1986 policy. If that question is answered in the affirmative, the court must then determine whether that waiver requires remand of the entire case as to all defendants or whether the court may [or should] sever and remand the claims against First State based on the 1985-86 policy, retaining the claims against the remaining defendants.[3]

Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).[4] Under the reasoning of *Bremen*, clauses concerning service of suit, choice of law, or forum selection will be found "unreasonable under the circumstances" and consequently unenforceable when: (1) their formation was induced by fraud or overreaching; (2) proceedings in the chosen forum

---

[3] Under this analysis, the court need not reach questions concerning interpretation of the notice provisions in the other First State policies and the Lexington policy and whether Russell complied with its obligations to give prior notice of its intent to sue.

[4] Although there are differences between forum selection and service of suit clauses, there appears to be no reason why service of suit clauses should also not be considered prima facie valid unless unreasonable to enforce. *See e.g. Brooke Group Ltd. v. JCH Syndicate 488, et al.*, 663 N.E. 2d 635 (N.Y. 1996)(Service of suit clauses are prima facie valid and enforceable unless shown by resisting party to be unreasonable.).

4

would be so gravely difficult and inconvenient that the resisting party will for all practical purposes be deprived of his day in court; or (3) enforcement of such provisions would contravene a strong public policy. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 587-88 (1991); *Lipcon v. Underwriters at Lloyd's London, et al.*, 148 F.3d 1285, 1296 (11th Cir. 1998). There is nothing here to suggest the service of suit clause was induced by fraud or overreaching. First State included the provision in its own contract form. The court has heard no argument that proceedings in the Circuit Court of Jefferson County, Alabama, would be so gravely difficult and inconvenient that First State would be deprived of its day in court. First State has local counsel to represent it. Moreover, the distance between the federal and state courthouses is a mere five blocks. Finally, the court is aware of no public policy that would conflict with enforcement of the service of suit clause.[5]

What then is the meaning of the service of suit clause? Although neither the United States Supreme Court, nor the Eleventh Circuit has addressed the issue, a number of other courts have. *See In re Delta America Re Ins. Co.*, 900 F.2d 890, 892 (6th Cir. 1990)(clause designating the forum as any court of "competent jurisdiction within the United States" did not waive right of removal); *Foster v. Chesapeake Ins. Co. Ltd.*, 933 F.2d 1207, 1217 (3rd Cir. 1991)(right to remove may be waived); *City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13 (5th Cir. 1991)(determining that service of suit clauses can constitute waiver of the right to remove a suit); 14B CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3721(3d Ed. 1998). In the Eleventh Circuit, it is clear that a defendant may

---

[5] In the old English case of *Richardson v. Mellish*, 2 Bing. 229, 252 (1824), Judge Burroughs described "public policy" as a "very unruly horse, and when once you get astride it you never know where it will carry you." This judge has no experience riding horses, unruly or otherwise.

waive the right to remove an action to federal court. *Snapper, Inc. v. Redan*, 171 F.3d at 1260.

In *Foster*, the court construed a choice of forum clause quite similar to the one at issue here as a valid waiver of removal.[6] 933 F.2d at 1217. There, the court determined that by consenting to "submit" to "any court" of competent jurisdiction "at the request of the Company," and to comply with all requirements necessary to give "such court" jurisdiction, the defendant insurer agreed to go to, and stay in, the forum chosen by the plaintiff. *Id.* Additionally, the court found that in direct contrast to the clause, removal prevented the court chosen by the insured from applying its rules of practice and procedure. The court also cited to a number of other courts which found similar language to constitute an effective waiver of a defendant's right to remove. *Id.*

*Delta America*, the case primarily relied upon by First State, is distinguishable from the present matter. The court in *Delta America* relied to a significant degree on the fact that the case concerned a foreign sovereign exercising the removal option provided it by the Foreign-Services Immunities Act (FSIA), and the accompanying special protection bestowed by Congress on foreign defendants. *Delta America*, 900 F.2d at 893-4. The matter before the court does not concern a foreign defendant, nor is First State seeking

---

[6] In *Foster*, the court deemed the relevant provision of the policy as a "forum selection clause." In the First State policy, the provision is entitled a "service of suit" clause. Because of the distinct similarities between the two clauses, the court finds any distinction between their titles immaterial.
The clause in *Foster* stated:

In the event the Retrocessionaire is not domiciled in the United States of America, and the Retrocessionaire fails to pay any amount due hereunder, the Retrocessionaire at the request of the Company, will submit to the jurisdiction within the United States and will comply with all requirements necessary to give such court jurisdiction; and all matters arising hereunder shall be determined in accordance with the law and practice of such court.

6

removal pursuant to the FSIA. Additionally, the "clear and unequivocal" waiver standard applied by the Sixth Circuit has been expressly rejected by the Eleventh Circuit in contract-based waivers of right to remove cases. *See Snapper*, 171 F.3d at 1260 (ordinary contract principles govern contractual waiver).

Lastly, although the Eleventh Circuit has yet to address a clause in an insurance policy substantially similar to the one at issue, the reasoning behind that court's decision in *Snapper* supports the conclusion that First State has waived its right of removal. In *Snapper*, the plaintiff, Snapper, Inc. ("Snapper") filed a lawsuit in Georgia state court against numerous individual guarantors. The guarantors timely removed the case to the United States District Court for the Northern District of Georgia. In response, Snapper moved to remand the case to state court, and opposed a motion to change venue to New Jersey to have the case consolidated with an action against Snapper that was pending there. The court determined that applying ordinary principles of contract interpretation to the forum selection clause, the guarantors had waived the right to remove.[7] *Id.* at 1260. As stated by the court, "[a]llowing removal from the forum that Snapper (i.e. the Creditor) did

---

[7] The clause at issue in *Snapper* reads as follows:

> The Undersigned agrees that any legal action or proceeding with respect to this instrument may be brought in the courts of the State of Georgia or the United States District Court, Northern District of Georgia, Atlanta Division, all as Creditor may elect. By execution of this instrument, the Undersigned hereby submits to each such jurisdiction, hereby expressly waiving whatever rights may correspond to it by reason of its present or future domicile. Nothing herein shall affect the right of Creditor to commence legal proceedings or otherwise proceed against the Undersigned in any other jurisdiction or to serve process in any manner permitted or required by law. In furtherance of the foregoing, the Undersigned hereby appoints the Secretary of the State of Georgia as its agent for service of process.

elect to the forum that Snapper specifically did not elect defies the express language of the contract and unjustifiably diminishes the importance of this specific language." *Id.* at 1262.

By consenting to "submit" to "any court" of competent jurisdiction within the United States "at the request of" Russell and to comply with all requirements necessary to give "such court" jurisdiction, First State agreed to go to, and stay in, the forum chosen by Russell. Moreover, like *Snapper*, allowing removal from the forum that Russell explicitly chose to one in which it specifically did not, ignores the plain meaning and diminishes the importance of the language found in the service of suit clause.

First State promised in the 1985-86 policy that it would "submit to the jurisdiction of *any Court of Competent Jurisdiction within the United States* . . ." The Circuit Court of Jefferson County, Alabama is "*any*" court. It is a "*Court of Competent Jurisdiction*" and it is "*within the United States*." Clearly then, that court falls within the terms of First State's promise to submit to its jurisdiction. This defendant may not avoid that promise by joining itself at the hip with its 22 co-defendants and marching in lock step across town to the federal courthouse. The question now is whether those co-defendants also find themselves tied to state court because First State is not free to join them in the federal court.

Russell has filed a single lawsuit in which it has named twenty-three insurance companies as defendants. It appears that this single action arises out of seventy-nine insurance contracts issued to Russell by the various defendants. Of the policies, only one, the 1985-1986 First State Policy, contains, for present purposes, a viable service of suit clause.

8

The defendants argue generally that it would be unfair and unreasonable under the circumstances of this case to remand. According to one defendant, "[i]t would be unfair, unreasonable, and an absurd result to impose upon the twenty-two other defendants a waiver of their right to remove based upon the terms of the contracts to which none of the remaining twenty two defendants are parties." (United National Ins. Co. and AIGA's Opposition to Remand p. 7).

None of the parties has submitted any binding authority which would guide the court. Moreover, the court's own independent research has yielded little in the way of controlling authority which might support a decision to deny remand. In *Lipcon*, for example, the Eleventh Circuit determined that a choice clause was permissible, even though it would require the plaintiffs to litigate in England, under English remedies, because English law would provide adequate remedies to the plaintiffs. Here, as the case is in the Northern District of Alabama as a diversity action, there is no threat that the chosen forum, an Alabama state court, would not provide the parties with an adequate forum or adequate remedies. Furthermore, this is not a situation where the object of the clause is to oust the jurisdiction of the court system as a whole. *See e.g. Carbon Black Export, Inc. v. The Monrosa*, 254 F.2d 287 (5th Cir. 1958). Nor is this a case where enforcing the clause might operate to foreclose a remedy or defense under a particular statute. *See Vimar Seguros Y Reaseguros, S.A. v. M/V Sky Reefer,* 515 U.S. 528 (1995)(choice of forum agreement would be condemned if it operated as prospective waiver to party's right to pursue statutory remedies under the Carriage of Goods by Sea Act).

9

Though there is no binding authority, there are persuasive cases which have addressed situations somewhat analogous to this matter. Both *Cessna Aircraft Co. v. Fidelity and Casualty Co. of New York, et al.*, 616 F. Supp. 671, 674 n.4 (D. N.J. 1985) and *SBKC Service Corp. v. 1111 Prospect Partners, L.P. et al.*, 916 F. Supp. 1118 (D. Kan. 1996) *reversed on other grounds by* 105 F.3d 578 (10th Cir. 1997) lend some support to the plaintiff's position that enforcement of the service of suit clause is reasonable. However, *Farmland Industries, Inc. v. Frazier-Parrott Commodities, Inc.*, 806 F.2d 848 (8th Cir. 1986) *abrogated on other grounds by Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495 (1989), *Snider v. Lone Star Art Trading Co., Inc.* 672 F. Supp. 977 (E.D. Mich. 1987), and *Pegasus Transportation, Inc. v. Lynden Air Freight, Inc.*, 152 F.R.D. 574 (N.D. Ill. 1993) all to some degree support the defendant's position that enforcement is unreasonable. However, the court is hesitant to consider the above cases as anything more than informative. Not only is this court not bound to follow them, but they are also quite different factually from the case at hand.

The court notes that First State does not argue that it would be prejudiced by remand. Rather, the argument is that it would be unfair to all the other defendants if they are required to litigate in state court. None of the defendants, however, has offered any persuasive reason why the Circuit Court of Jefferson County, Alabama, would present an inconvenient or unfair forum. The law is clear that removal requires that all defendants join in the removal petition. *See Tri Cities Newspapers, Inc.* 427 F.2d at 326-27.

On the public policy issue, it seems more likely that it would contravene the public policy of the United States to allow the defendants to disregard the unanimity requirement

10

of 28 U.S.C. § 1446. It is well settled that concerns for our federal system require the strict construction of removal statutes. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). A strict construction of those statutes here dictates the conclusion that the inability of First State to jump the state court ship anchors all the defendants to that court. The action is remanded to the Circuit Court of Jefferson County, Alabama, whence it was removed. Bon voyage.

    Done, this 29th of June, 2000.

                                                  Edwin Nelson
                                          United States District Judge